UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60964-BLOOM

JOHN EDWARD BRADHAM,

    Plaintiff,

v.

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon Plaintiff John Edward Bradham's ("Plaintiff") Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, ECF No. [1] ("Complaint"), filed against the State of Florida, Detective Carlton Smith, and Detective Steven Smith (collectively, "Defendants"). Also pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Application"). For the reasons set forth below, the Complaint is dismissed without prejudice, and Plaintiff's Application is denied as moot.

### I.    FACTUAL ALLEGATIONS

According to the Complaint, Plaintiff alleges violations of his "4th, 6th, 8th Amendment[] Rights[,] illegal arrest, perjury and false imprisonment. ECF No. [1] at 2. Plaintiff also complains about the "[t]aking of toddler[s] from the D.C.F., [two] new born [sic] infants and child support." *Id.* Plaintiff states that his "[d]omestic bills are over run" and seeks three million in damages for "suffering mental anguish" and "because of absence from my family." *Id.*

### II.    STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous

claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Although the Court must liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citation omitted). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . judges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172-CIV, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation omitted).

### III. DISCUSSION

Plaintiff's bare bones allegations are insufficient to state a claim upon which relief can be granted. Plaintiff has not provided any details of the circumstances surrounding his allegations nor has he provided a date, time, or location where the alleged constitutional violations occurred. Although *pro se* plaintiffs are afforded liberal construction of their complaints, *see Haines*, 404 U.S. at 520, Plaintiff's two-sentence statement of the claim does not provide enough details to even hypothesize a potential claim. Additionally, sovereign immunity bars any monetary damages claim against the State of Florida. *See Kentucy v. Graham*, 473 U.S. 159, 169 (1985); *Wayne v. Fla. Dep't of Corr.*, 157 F. Supp. 3d 1202, 1204 (S.D. Fla. 2016) (collecting cases). Under the standard set forth in *Twombly*/*Iqbal*, the scant allegations presented here are conclusory and do not warrant relief.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED without prejudice** for failure to state a claim. The Clerk of Court is directed to mark the case as **CLOSED**, and any pending motions are **DENIED as moot**.

---

[1] The Court notes that Plaintiff has previously been warned about filing complaints that are "conclusory" and "lacking in factual support." *See Bradham v. United States of America Federal Southern District of Florida*, No. 21-60325 (S.D. Fla. Mar. 26, 2021), ECF No. [4] (dismissing for failure to state a claim and failure pay the filing fee); *Bradham v. Smith*, No. 21-60684, ECF No. [3] (S.D. Fla. Mar. 31, 2021) (same).

Case No. 21-cv-60964-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 7, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

John Edward Bradham, *Pro Se*
501802255
Broward County Jail-JCF
J. Conte Facility
Inmate Mail/Parcels
Post Office Box 407016
Ft. Lauderdale, FL 33340